# MINNIE GONZALEZ ET AL. *v.* SHIRLEY SURGEON ET AL.
## (SC 17968)

Rogers, C. J., and Katz, Vertefeuille, Schaller and Sullivan, Js.

Argued September 19—officially released September 19, 2007*

* September 19, 2007, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Steven A. Tomeo*, for the appellant (named plaintiff).

*John Rose, Jr.*, corporation counsel, with whom were *Jonathan H. Beamon*, assistant corporation counsel, and *Lori A. Mizerak*, assistant corporation counsel, for the appellees (defendants).

*Opinion*

ROGERS, C. J. The named plaintiff, Minnie Gonzalez,[1] brought this action pursuant to General Statutes § 9-329a (a),[2] claiming that the named defendant, Shirley Surgeon, the Democratic registrar of voters for the city

---

[1] Ramon Arroyo, Rosa Carmona, Maria Díaz, Carmen Rodriquez, Rachel Otero and Rigoberdo Nieva also were plaintiffs in the proceedings before the trial court but are not participants in this appeal. For convenience, we refer to Gonzalez as the plaintiff.

[2] General Statutes § 9-329a (a) provides: "Any (1) elector or candidate aggrieved by a ruling of an election official in connection with any primary held pursuant to (A) section 9-423, 9-425 or 9-464, or (B) a special act, (2) elector or candidate who alleges that there has been a mistake in the count of the votes cast at such primary, or (3) candidate in such a primary who alleges that he is aggrieved by a violation of any provision of sections 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots at such primary, may bring his complaint to any judge of the Superior Court for appropriate action. In any action brought pursuant to the provisions of this section, the complainant shall send a copy of the complaint by first-class mail, or deliver a copy of the complaint by hand, to the State Elections Enforcement Commission. If such complaint is made prior to such primary such judge shall proceed expeditiously to render judgment on the complaint and shall cause notice of the hearing to be given to the Secretary of the State and the State Elections Enforcement Commission. If such complaint is made subsequent to such primary it shall be brought, within fourteen days after such primary, to any judge of the Superior Court."

of Hartford,[3] improperly had invalidated, pursuant to General Statutes § 9-410 (c),[4] certain petitions containing signatures by registered Democratic voters that were required to secure the plaintiff's name on the ballot for the September 11, 2007 Democratic primary for the office of the mayor of the city of Hartford. The trial court rendered judgment for the defendants on all counts

[3] Daniel Carey, town clerk of the city of Hartford, is also a defendant.

[4] General Statutes § 9-410 (c) provides: "Each circulator of a primary petition page shall be an enrolled party member of a municipality in this state who is entitled to vote. Each petition page shall contain a statement signed by the registrar of the municipality in which such circulator is an enrolled party member attesting that the circulator is an enrolled party member in such municipality. Unless such a statement by the registrar appears on each page so submitted, the registrar shall reject such page. No candidate for the nomination of a party for a municipal office or the position of town committee member shall circulate any petition for another candidate or another group of candidates contained in one primary petition for the nomination of such party for the same office or position, and any petition page circulated in violation of this provision shall be rejected by the registrar. No person shall circulate petitions for more than the maximum number of candidates to be nominated by a party for the same office or position, and any petition page circulated in violation of this provision shall be rejected by the registrar. Each separate sheet of such petition shall contain a statement as to the authenticity of the signatures thereon and the number of such signatures, and shall be signed under the penalties of false statement by the person who circulated the same, setting forth such circulator's address and the town in which such circulator is an enrolled party member and attesting that each person whose name appears on such sheet signed the same in person in the presence of such circulator, that the circulator either knows each such signer or that the signer satisfactorily identified the signer to the circulator and that the spaces for candidates supported, offices or positions sought and the political party involved were filled in prior to the obtaining of the signatures. Each separate sheet of such petition shall also be acknowledged before an appropriate person as provided in section 1-29. Any sheet of a petition filed with the registrar which does not contain such a statement by the circulator as to the authenticity of the signatures thereon, or upon which the statement of the circulator is incomplete in any respect, or which does not contain the certification hereinbefore required by the registrar of the town in which the circulator is an enrolled party member, shall be rejected by the registrar. Any individual proposed as a candidate in any primary petition may serve as a circulator of the pages of such petition, provided such individual's service as circulator does not violate any provision of this section."

of the complaint. The plaintiff then filed pursuant to General Statutes § 9-325,[5] an application for certification of questions of law and the trial court granted the application in part, certifying the following questions: (1) Whether § 9-410 (c) requires that all petitions obtained by a circulator when that circulator is seeking signatures for one mayoral candidate be invalidated when that same circulator at a later point in time seeks signatures on a petition for a different candidate to the same office; (2) Whether the definition of "candidate" in § 9-410 (c) includes only bona fide candidates or also includes placeholder or straw candidates; and (3) Whether preponderance of the evidence is the appropriate standard of proof in determining the meaning of § 9-410 (c). Thereafter, pursuant to § 9-325, the certified questions of law were transmitted to the Chief Justice of the Connecticut Supreme Court, who called a special session of this court for the purpose of conducting a hearing on the questions.

[5] General Statutes § 9-325 provides: "If, upon any such hearing by a judge of the Superior Court, any question of law is raised which any party to the complaint claims should be reviewed by the Supreme Court, such judge, instead of filing the certificate of his finding or decision with the Secretary of the State, shall transmit the same, including therein such questions of law, together with a proper finding of facts, to the Chief Justice of the Supreme Court, who shall thereupon call a special session of said court for the purpose of an immediate hearing upon the questions of law so certified. A copy of the finding and decision so certified by the judge of the Superior Court, together with the decision of the Supreme Court, on the questions of law therein certified, shall be attested by the clerk of the Supreme Court, and by him transmitted to the Secretary of the State forthwith. The finding and decision of the judge of the Superior Court, together with the decision of the Supreme Court on the questions of law thus certified, shall be final and conclusive upon all questions relating to errors in the rulings of the election officials and to the correctness of such count and shall operate to correct the returns of the moderators or presiding officers so as to conform to such decision of said court. Nothing in this section shall be considered as prohibiting an appeal to the Supreme Court from a final judgment of the Superior Court. The judges of the Supreme Court may establish rules of procedure for the speedy and inexpensive hearing of such appeals within fifteen days of such judgment of a judge of the Superior Court."

Following oral argument on this date, the court has decided the appeal by rendering its judgment in this truncated form. For reasons that we will provide in due course, we answer the certified questions as follows: (1) Yes; (2) "[C]andidate" as used in § 9-410 (c) includes placeholder or straw candidates; and (3) We need not decide in the present case whether preponderance of the evidence is the appropriate standard of proof under § 9-410 (c) because there are no material facts in dispute and the only issue before the court is one of statutory construction, which is subject to plenary review. Accordingly, we affirm the judgment of the trial court.[6]

The judgment is affirmed.

In this opinion the other justices concurred.

_____

[6] The plaintiff brought a separate appeal challenging the constitutionality of § 9-410 (c). In a separate opinion released on the same date as this opinion, we conclude that the statute is constitutional. See *Gonzalez* v. *Surgeon*, 284 Conn. 145, 931 A.2d 835 (2007).