MINNIE GONZALEZ ET AL. *v.* SHIRLEY
SURGEON ET AL.
(SC 17969)

Rogers, C. J., and Katz, Vertefeuille, Schaller and Sullivan, Js.

---

Argued September 19—officially released September 19, 2007*

*Steven A. Tomeo*, for the appellant (named plaintiff).

*John Rose, Jr.*, corporation counsel, with whom were *Jonathan H. Beamon*, assistant corporation counsel, and *Lori A. Mizerak*, assistant corporation counsel, for the appellees (defendants).

*Opinion*

ROGERS, C. J. The named plaintiff, Minnie Gonzalez,[1] brought this action pursuant to General Statutes § 9-329a (a),[2] claiming that the named defendant, Shirley

---

* September 19, 2007, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] Ramon Arroyo, Rosa Carmona, Maria Diaz, Carmen Rodriquez, Rachel Otero and Rigoberdo Nieva also were plaintiffs in the proceedings before the trial court but are not participants in this appeal. For convenience, we refer to Gonzalez as the plaintiff.

[2] General Statutes § 9-329a (a) provides: "Any (1) elector or candidate aggrieved by a ruling of an election official in connection with any primary held pursuant to (A) section 9-423, 9-425 or 9-464, or (B) a special act, (2) elector or candidate who alleges that there has been a mistake in the count of the votes cast at such primary, or (3) candidate in such a primary who alleges that he is aggrieved by a violation of any provision of sections 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots at such primary, may bring his complaint to any judge of the Superior Court for appropriate action. In any action brought pursuant to the provisions of this section, the complainant shall send a copy of the complaint by first-

Surgeon, the Democratic registrar of voters for the city of Hartford,[3] improperly had invalidated, pursuant to General Statutes § 9-410 (c),[4] certain petitions con-

class mail, or deliver a copy of the complaint by hand, to the State Elections Enforcement Commission. If such complaint is made prior to such primary such judge shall proceed expeditiously to render judgment on the complaint and shall cause notice of the hearing to be given to the Secretary of the State and the State Elections Enforcement Commission. If such complaint is made subsequent to such primary it shall be brought, within fourteen days after such primary, to any judge of the Superior Court."

[3] Daniel Carey, town clerk of the city of Hartford, is also a defendant.

[4] General Statutes § 9-410 (c) provides: "Each circulator of a primary petition page shall be an enrolled party member of a municipality in this state who is entitled to vote. Each petition page shall contain a statement signed by the registrar of the municipality in which such circulator is an enrolled party member attesting that the circulator is an enrolled party member in such municipality. Unless such a statement by the registrar appears on each page so submitted, the registrar shall reject such page. No candidate for the nomination of a party for a municipal office or the position of town committee member shall circulate any petition for another candidate or another group of candidates contained in one primary petition for the nomination of such party for the same office or position, and any petition page circulated in violation of this provision shall be rejected by the registrar. No person shall circulate petitions for more than the maximum number of candidates to be nominated by a party for the same office or position, and any petition page circulated in violation of this provision shall be rejected by the registrar. Each separate sheet of such petition shall contain a statement as to the authenticity of the signatures thereon and the number of such signatures, and shall be signed under the penalties of false statement by the person who circulated the same, setting forth such circulator's address and the town in which such circulator is an enrolled party member and attesting that each person whose name appears on such sheet signed the same in person in the presence of such circulator, that the circulator either knows each such signer or that the signer satisfactorily identified the signer to the circulator and that the spaces for candidates supported, offices or positions sought and the political party involved were filled in prior to the obtaining of the signatures. Each separate sheet of such petition shall also be acknowledged before an appropriate person as provided in section 1-29. Any sheet of a petition filed with the registrar which does not contain such a statement by the circulator as to the authenticity of the signatures thereon, or upon which the statement of the circulator is incomplete in any respect, or which does not contain the certification hereinbefore required by the registrar of the town in which the circulator is an enrolled party member, shall be rejected by the registrar. Any individual proposed as a candidate in any primary petition may serve as a circulator of the pages of such petition, provided such individual's service as circulator does not violate any provision of this section."

taining signatures by registered Democratic voters that were required to secure the plaintiff's name on the ballot for the September 11, 2007 Democratic primary for the office of the mayor of the city of Hartford. The trial court rendered judgment for the defendants on all counts of the complaint. The plaintiff then filed this appeal,[5] claiming that the trial court improperly determined that: (1) § 9-410 (c) is not void for vagueness under the due process clause of the fifth amendment to the United States constitution; and (2) § 9-410 (c) does not constitute an unconstitutional restriction of free speech and associational rights under the first and fourteenth amendments to the United States constitution and article first, §§ 4, 5, 10 and 14, of the Connecticut constitution.[6]

Following oral argument on this date, the court has decided the appeal by rendering its judgment in this truncated form. For reasons that we will provide in due course, we conclude that the trial court properly determined that § 9-410 (c) is not unconstitutionally vague and does not violate free speech or associational rights under the federal or state constitution. Accordingly, we affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other justices concurred.

[5] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The plaintiff brought a separate appeal pursuant to General Statutes § 9-325 challenging Surgeon's application of § 9-410 (c) to the petitions filed on her behalf. In a separate opinion released on the same date as this opinion, we conclude that Surgeon properly applied § 9-410 (c). See *Gonzalez* v. *Surgeon*, 284 Conn. 141, 931 A.2d 833 (2007).

[6] The plaintiff also raised in this appeal the same claims that she raised in the companion case of *Gonzalez* v. *Surgeon*, 284 Conn. 141, 931 A.2d 833 (2007). We have rejected those claims in a separate opinion. See footnote 5 of this opinion.